UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------X
                                                           :

CHRISTIANA O. ITIOWE,                      :

                                        :

                  Plaintiff,        :        ORDER OF DISMISSAL

                                        :

     -against-                       :        12 Civ. 7027 (LAP)

                                        :

NBC UNIVERSAL INC. – STEVE BURKE;   :
COMCAST INC. – BRIAN ROBERTS;      :
GE – JEFFREY IMMELT,              :

                                        :

                  Defendants.     :
---------------------------------------------------------X

LORETTA A. PRESKA, Chief United States District Judge:

       Plaintiffs filed this action *pro se*. The Court grants Plaintiff's request to proceed *in forma pauperis* but dismisses the Complaint for the reasons set forth below.

## STANDARD OF REVIEW

       The Court has the authority to screen *sua sponte* an *in forma pauperis* complaint at any time pursuant to 28 U.S.C. § 1915(e)(2)(B).  The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998).  The Court also must dismiss a complaint, or portion thereof, if the Court does not have subject matter jurisdiction over the claims.  Fed. R. Civ. P. 12(h)(3). While the law authorizes dismissal on any of these grounds, district courts "remain obligated to construe *pro se* complaints liberally."  *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).  Thus, *pro se* complaints should be read with "special solicitude" and should be

interpreted to raise the "strongest [claims] that they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (citations omitted).

## BACKGROUND

Plaintiff alleges that she is a New Jersey resident and that Defendants reside in Pennsylvania, Connecticut, and New York. (Complaint at 1, 2.) She states that on April 23, 2012, she corresponded "via email and mailings" with persons from Defendant television companies, who, "due to [her] disability . . . did not allow [her] to pitch any more TV show ideas via written form . . . ." (*Id.* at 3, 8.) Plaintiff, who states that she is mentally ill, alleges,

> before I revealed my disability stance, it was ok to pitch tv show ideas, that discriminative act ultimately did not allow me to grow me or know what trying to grow me can do for my life and ultimately, my health as I presented my works and businesses that am currently embarking on birthing and would have loved to market my product on air cause of who I am meaning because of what life has dealt to me and how I overcame all adversities. Now my true worth, which I think is worth a lot of money, is in question here due to their discriminative acts as I disclosed intents of book publishing, starting my own greeting card line, my thoughtful prayer line of work and inspirational house poster line of work that I plan on creating to have manufactured and distributed soon . . . . I am a person coming from being homeless for so long whil edealing with hearing voices and seeing things while being attacked unnecessarily via people is so wrong and I know am worth more than what I've seen so far . . . . I have to intervene because things are not making sense to me currently and I have to make sense out of it. That's definitely not wrong, right? I think so too.

(*Id.* at 8.) She seeks "a damage amount . . . of $7 trillion . . . ." (*Id.*)

## DISCUSSION

The Court does not have subject matter jurisdiction over this Complaint. The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332. Under these statutes, federal jurisdiction is available only when a "federal question" is presented (§ 1331) or when plaintiff and defendants are of diverse citizenship and the amount in controversy exceeds $75,000 (§ 1332). "'[I]t is common ground that in our

federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Props. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quotation omitted).  And "[w]here jurisdiction is lacking ... dismissal is mandatory."  *Id.*; *see also* Fed. R. Civ. P. 12(h)(3).  In this case, because Plaintiff is proceeding *pro se*, the Court will consider whether he has alleged adequately either federal question or diversity jurisdiction over her claim.

To invoke federal question jurisdiction, a plaintiff's claim must arise "under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "Federal question jurisdiction may be properly invoked only if the plaintiff's complaint necessarily draws into question the interpretation or application of federal law."  *State of New York v. White*, 528 F.2d 336, 338 (2d Cir. 1975).  Defendant's alleged discrimination does not violate the Constitution or any other federal law.  The Court therefore does not have federal question subject matter jurisdiction over Plaintiff's claim.

The Court also does not have diversity subject matter jurisdiction over this action because Plaintiff fails to set forth plausible facts supporting her allegation that the amount in controversy exceeds $75,000.  *See Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (party invoking diversity jurisdiction must allege to a "reasonable probability" that claim is in excess of $75,000) (citation omitted); *Tongkook America, Inc. v. Shipton Sportswear Co.*, 14 F.3d 781, 784 (2d Cir. 1994) (dismissal appropriate where "the court is convinced to a legal certainty that the plaintiff cannot recover an amount in excess of the minimum statutory jurisdictional amount"); *Chase Manhattan Bank, N.A. v. Am. Nat. Bank and Trust Co. of Chicago*, 93 F.3d 1064, 1070-71 (2d Cir. 1996) ("[T]he legal impossibility of

3

recovery must be so certain as virtually to negative the plaintiff's good faith in asserting the claim." (quoting *Tongkook*, 14 F.3d at 785)).

Here, although Plaintiff seeks damages of $7 trillion, she does not allege plausible facts to support that claim.  Plaintiff therefore has failed to allege that this Court has diversity jurisdiction over her claims.

In sum, viewing the *pro se* Complaint with the latitude it deserves and construing all facts in Plaintiff's favor, the Court finds that it lacks subject matter jurisdiction over her claims, and the Complaint therefore must be dismissed.  *See* Fed. R. Civ. P. 12(h)(3); *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990) (court has independent duty to examine the basis for jurisdiction).

The Court declines to exercise supplemental jurisdiction over any other claims Plaintiff may be attempting to assert under New York law.  *See* 28 U.S.C. § 1367(c)(3).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this Order to Plaintiff.

The complaint filed *in forma pauperis* under 28 U.S.C. § 1915(a), is dismissed for lack of subject matter jurisdiction.  *See* Fed. R. Civ. P. 12(h)(3).

The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

*Loretta A. Preska*

LORETTA A. PRESKA
Chief United States District Judge

Dated: November 13, 2012
       New York, New York

4